UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JOB MOSCOT, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>JONES PIPELINE SERVICES, LLC | Case No: 7:20-cv-59<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Jones Pipeline Services, LLC (JPS) does not pay its HSE Specialists overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, JPS misclassifies its HSE Specialists as exempt from the overtime provisions of the FLSA.

3. JPS purports to pay its HSE Specialists a flat salary with no overtime.

4. JPS's failure to pay overtime to its HSE Specialists violates the FLSA because its HSE Specialists are owed overtime for hours worked in excess of 40 in a week.

5. JPS's failure to pay overtime to its HSE Specialists violates the FLSA because its HSE Specialists' primary job duties are non-exempt.

6. Alternatively, JPS's failure to pay overtime to its HSE Specialists violates the FLSA because JPS makes improper deductions from the salary of HSE Specialists.

7. Job Moscot (Moscot) brings this action to recover the unpaid overtime wages and other damages owed to him and JPS's other HSE Specialists.[1]

---

[1] HSE Specialists are sometimes referred to as HSE Coordinators, but it is the same job.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

10. Moscot is a Texas resident who worked for JPS as an HSE Specialists from February 2018 to July 2019.

11. Moscot's consent to be a party plaintiff is attached.

12. Moscot brings this action on behalf of himself and all other HSE Specialists employed by JPS.

13. The class of similarly situated employees (the HSE Specialists) consists of:

**All HSE Specialists employed by JPS in the past 3 years.**

14. JPS is a Limited Liability Corporation incorporated under the laws of Mississippi.

15. JPS maintains a field office in Midland, Texas through which it regularly transacts business.

16. Moscot reported to this office during his employment.

17. JPS may be served by serving its registered agent for service of process: Tom Glover, 5900 Balcones Dr., Suite 100, Austin, TX 78731, or wherever Tom Glover may be found.

## FLSA COVERAGE

18. For at least the past 3 years, JPS has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. For at least the past 3 years, JPS has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. For at least the past 3 years, JPS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

21. JPS has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including trucks, tires, cables, lights, laptop computers, cell phones, etc.) that have been moved in or produced for commerce.

22. Further, JPS's annual gross volume of sales has exceeded $1,000,000 in each of the past 3 years.

23. For at least the past 3 years, Moscot and the HSE Specialists were engaged in commerce or in the production of goods for commerce.

24. JPS treated all its HSE Specialists (including Moscot) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

**FACTS**

25. JPS provides pipeline logistics services to the oil and gas pipeline industry, including rail logistics, pipe logistics, transport (loading and unloading), storage and staging, pipe traceability, and pipe stringing.[2]

26. In February of 2018, Moscot began working for JPS as an HSE Specialist.

27. As an HSE Specialist, Moscot performed inspections related to the delivery of pipe.

28. Moscot made sure the pipe was moved in a safe and efficient manner.

---

[2] https://www.jonespipeline.com/#about

29. Moscot ensures that equipment is operated in accordance with established policies and procedures.

30. Moscot typically works 65 hours per week.

31. As such, Moscot typically works 25+ hours of overtime, per week, each workweek.

32. JPS paid Moscot based on a set amount for each week worked.

33. However, JPS's payment scheme does not qualify as payment on a "salary basis" as it varies (up to a set amount) based on the quantity or quality of work performed.

34. For example, during the 2018 Christmas Holidays, JPS did not pay the salaries of HSE Specialists for a week and a half period during which no work was available.

35. Alternatively, JPS made improper deductions from the salaries of HSE Specialists in violation of 29 C.F.R. § 541.602(a)(2).

36. JPS did not pay its HSE Specialists (including Moscot) on a salary basis.

37. Although he often works 65+ hours in a workweek, JPS never paid Moscot any overtime for hours worked in excess of 40 in a workweek.

38. All JPS's HSE Specialists perform duties similar Moscot's job duties.

39. JPS's HSE Specialists all work similar hours.

40. All JPS's HSE Specialists were denied overtime as a result of the same illegal misclassification policy.

41. JPS failed to pay the HSE Specialists overtime as required by the FLSA.

### FLSA VIOLATIONS

42. JPS's misclassification policy violates the FLSA because its HSE Specialists perform non-exempt job duties and do not receive any overtime for hours worked over 40 hours each week.

43. JPS failed to pay its HSE Specialists on a salary basis.

44. JPS's failure to pay overtime compensation to the HSE Specialists was not based on any reasonable interpretation of the law.

45. Nor was JPS's decision not to pay overtime made in good faith.

46. Instead, JPS knew, or showed reckless disregard for whether, its illegal misclassification policy violated the FLSA.

47. Accordingly, Moscot and the other HSE Specialists are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

48. Other HSE Specialists have been denied overtime by JPS's illegal misclassification policy and pay plan.

49. JPS's express policies make it clear other HSE Specialists (in addition to Moscot) were not paid overtime.

50. These employees are similarly situated to Moscot in terms of relevant job duties, pay provisions, and employment practices.

51. JPS's failure to pay overtime results from a generally applicable, systematic misclassification that is not dependent on the personal circumstances of the HSE Specialists.

52. Thus, Moscot's experiences are typical of the experiences of the HSE Specialists.

53. All HSE Specialists are entitled to overtime for hours worked in excess of 40 in a week.

### JURY DEMAND

54. Moscot demands a trial by jury.

### RELIEF SOUGHT

55. Wherefore, Moscot prays for:

    (a) an order allowing this action to proceed as a collective action and directing notice to the other HSE Specialists;

    (b) judgment finding JPS in violation of the FLSA;

(c) judgment finding JPS liable to Moscot and the HSE Specialists for unpaid overtime, and an equal amount of liquidated damages;

(d) judgment awarding Moscot and the HSE Specialists reasonable attorney's fees and costs of this action;

(e) judgment awarding Moscot and the HSE Specialists pre- and post-judgment interest at the highest rates allowed by law; and

(f) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Michael K. Burke
Texas Bar No. 24012359
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com

Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CONSENT TO JOIN WAGE CLAIM

Print Name: Job Moscot

1. I hereby consent to participate in a collective action lawsuit against **Jones Pipeline Services, LLC** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned by: BD3AB5D37E5E4F8...]*